UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**FILED**

JUL 2 2 2020

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:20-cr-97-JRS-DLP |
| | ) |
| DANIELLE L. DOWLING, | ) -01 |
| a/k/a Dee, | ) |
| LINDA L. BOW, | ) -02 |
| JOSH STOOPS, | ) -03 |
| JAMES BACON, | ) -04 |
| a/k/a Jay, | ) |
| MICHEAL FISHER, | ) -05 |
| STEVE ANDERSON, | ) -06 |
| a/k/a Crook, | ) |
| JAMES SWARTZ, | ) -07 |
| ERIC POORE, | ) -08 |
| a/k/a Hollywood, | ) |
| JANNA BROADDUS, | ) -09 |
| JOSH T. UNGER, | ) -10 |
| a/k/a J.T., | ) |
| RYAN SAWYERS, | ) -11 |
| a/k/a Ogre, | ) |
| TROY THORNTON, | ) -12 |
| a/k/a Capone, | ) |
| DARIUS ANTHONY GARCIA, | ) -13 |
| a/k/a Roger, | ) |
| AMBER L. SEATS | ) -14 |
| JEREMY OSMON, | ) -15 |
| TYLER GREENWALT, | ) -16 |
| GUY KARNES, | ) -17 |
| CLIFFORD R. KING, JR., | ) -18 |
| a/k/a Zoe, | ) |
| LISA ROTH, | ) -19 |
| ERIC WALKER, | ) -20 |
| a/k/a Little E, | ) |
| DYLAN WILLIAMS, | ) -21 |
| a/k/a D, | ) |
| JEFFREY SACKS, | ) -22 |
| PAULA ADAMS, | ) -23 |
| DERRICK GRANGER, and | ) -24 |

1

AYRES ADAMS,                                )                              -25
    a/k/a AWOL,                              )
                      )
    Defendants,                              )

## SUPERSEDING INDICTMENT

## COUNT ONE

## [Conspiracy to Distribute Controlled Substances – 21 U.S.C. § 846]

The Grand Jury charges that:

From on or about the summer of 2019 through March 19, 2020, in the Southern District of Indiana, Indianapolis Division, and elsewhere, DANIELLE L. DOWLING, a/k/a Dee, LINDA L. BOW, JOSH STOOPS, JAMES BACON, a/k/a Jay, MICHEAL FISHER, STEVE ANDERSON, a/k/a Crook, JAMES SWARTZ, ERIC POORE, a/k/a Hollywood, JANNA BROADDUS, JOSH T. UNGER, a/k/a J.T., RYAN SAWYERS, a/k/a Ogre, TROY THORNTON, a/k/a Capone, DARIUS ANTHONY GARCIA, a/k/a Roger, AMBER L. SEATS, JEREMY OSMON, TYLER GREENWALT, GUY KARNES, CLIFFORD R. KING, JR., a/k/a Zoe, LISA ROTH, DYLAN WILLIAMS, a/k/a D, ERIC WALKER, a/k/a Little E, JEFFREY SACKS, DERRICK GRANGER, and AYRES ADAMS, a/k/a AWOL, did knowingly and intentionally conspire together and with other persons, known and unknown to the Grand Jury, to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

## OBJECTS OF THE CONSPIRACY

The charged conspiracy had the following objects:

1.      The distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic controlled substance.

2.      The distribution of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic controlled substance.

### MANNER AND MEANS

The charged conspiracy operated in the following manner:

1.      DANIELLE L. DOWLING, a/k/a Dee, a resident of Indianapolis, Indiana, was the leader of a drug trafficking organization that distributed methamphetamine and heroin in the Indianapolis area.

2.      LINDA L. BOW ("BOW") transported methamphetamine and heroin to DOWLING's drug customers at DOWLING's direction.

3.      JOSH STOOPS ("STOOPS"), JAMES BACON, a/k/a Jay ("BACON"), MICHEAL FISHER ("FISHER"), STEVE ANDERSON, a/k/a Crook ("ANDERSON"), JAMES SWARTZ ("SWARTZ"), ERIC POORE, a/k/a Hollywood ("POORE"), JANNA BROADDUS ("BROADDUS"), JOSH T. UNGER, a/k/a J.T. ("UNGER"), RYAN SAWYERS, a/k/a Ogre ("SAWYERS"), TROY THORNTON, a/k/a Capone ("THORNTON"), DARIUS ANTHONY GARCIA, a/k/a Roger ("GARCIA"), AMBER L. SEATS ("SEATS"), JEREMY OSMON ("OSMON"), TYLER GREENWALT ("GREENWALT"), and GUY KARNES ("KARNES") distributed methamphetamine for DOWLING.

4.      CLIFFORD R. KING, JR., a/k/a Zoe ("KING"), LISA ROTH ("ROTH"), AYRES ADAMS ("ADAMS") and Christopher Tate ("Tate") (not a defendant

herein) supplied DOWLING with methamphetamine for distribution. KING also supplied DYLAN WILLIAMS, a/k/a D, with methamphetamine for distribution.

5.     ERIC WALKER, a/k/a Little E ("WALKER"), and DERRICK GRANGER ("GRANGER") supplied KING with methamphetamine for distribution.

6.     JEFFREY SACKS ("SACKS") brokered methamphetamine transactions between ROTH and DOWLING.

7.     Throughout the conspiracy, the defendants used telephones to facilitate the drug trafficking operation. The defendants communicated on telephones using code language to discuss their drug trafficking operation.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, that is to distribute methamphetamine and heroin, the members of the conspiracy did commit, among others, the following overt acts:

1.     On November 17, 2019, GRANGER flew from Indianapolis to Los Angeles, California to obtain methamphetamine from his source. On November 17, 2019, GRANGER possessed approximately 59 pounds of methamphetamine and $1,850 at the parking garage of the Renaissance Marriott Hotel located at 9620 Airport Boulevard, Los Angeles, California.

2.     On December 19, 2019, DOWLING obtained approximately five ounces of methamphetamine from a drug runner working for Tate. The transaction occurred at the America's Best Value Inn Hotel located at 3401 South Keystone Avenue in Indianapolis.

4

3. On December 20, 2019, GRANGER and an individual known to the Grand Jury possessed approximately $38,000 in currency at the Indianapolis International Airport.

4. On January 10, 2020, DOWLING delivered approximately one ounce of methamphetamine to STOOPS for redistribution.

5. On January 11, 2020, at DOWLING's direction, BOW delivered approximately two and one-half ounces of methamphetamine to BACON at the Casino Lounge, located at 1711 East Minnesota Street in Indianapolis. BACON intended to distribute two of these ounces of methamphetamine and consume the remaining one-half ounce of methamphetamine.

6. On January 12, 2020, KING delivered more than one pound of methamphetamine to DOWLING at a residence located at 10304 Lyric Drive in Indianapolis.

7. On January 12, 2020, at the direction of DOWLING, BOW delivered approximately one pound of methamphetamine to FISHER for redistribution.

8. On January 12, 2020, ANDERSON and an individual known as "Big Johnny" used the threat of force to collect money that one of DOWLING's methamphetamine customers owed her. DOWLING agreed to deliver methamphetamine to ANDERSON and heroin to "Big Johnny" when they brought the money to DOWLING.

5

9.     On January 13, 2020, at the direction of DOWLING, BOW delivered approximately three ounces of methamphetamine to SWARTZ for redistribution.

10.     On January 13, 2020, ANDERSON warned DOWLING about police surveillance activity occurring outside of her residence.

11.     On January 13, 2020, DOWLING delivered approximately two ounces of methamphetamine to POORE for redistribution.

12.     On January 15, 2020, DOWLING agreed to send BOW to front one ounce of methamphetamine to ANDERSON for redistribution.

13.     On January 17, 2020, DOWLING offered to sell one-half pound of methamphetamine to OSMON for $1,800.

14.     On January 19, 2020, at the direction of DOWLING, BOW delivered approximately two ounces of meth to BROADDUS for redistribution.

15.     On January 23, 2020, DOWLING delivered approximately one ounce of methamphetamine to UNGER for redistribution. The transaction occurred at a residence located at 10304 Lyric Drive in Indianapolis.

16.     On January 23, 2020, POORE asked DOWLING to supply him with one pound of methamphetamine.

17.     On January 24, 2020, DOWLING delivered approximately two ounces of methamphetamine to SWARTZ for redistribution at a gas station located near the intersection of Interstate 70 and Emerson Avenue in Indianapolis.

6

18.     On January 24, 2020, KING delivered approximately one pound of methamphetamine to DOWLING at a residence located at 10304 Lyric Drive in Indianapolis.

19.     On January 24, 2020, at the direction of DOWLING, BOW delivered approximately four ounces of methamphetamine to SAWYERS for redistribution.

20.     On January 24, 2020, at the direction of DOWLING, BOW delivered approximately 66 grams of methamphetamine to THORNTON for redistribution.

21.     On January 28, 2020, STOOPS possessed approximately one-half ounce of methamphetamine, heroin, fentanyl, digital scales, and a firearm on the 2600 block of Shelby Street in Indianapolis.

22.     On February 4, 2020, DOWLING delivered approximately six ounces of methamphetamine to GARCIA at a residence located at 6062 Laurel Hall Drive in Indianapolis.  SEATS brokered the transaction between DOWLING and GARCIA.

23.     On February 5, 2020, OSMON delivered approximately one ounce of methamphetamine to a confidential informant ("Individual #1") at a parking lot outside of a building located at 681 Twin Aire Drive in Indianapolis.

24.     On February 8, 2020, KING fronted approximately one-half pound of methamphetamine to WILLIAMS for redistribution.

25.     On February 10, 2020, KING fronted approximately one-half pound of methamphetamine to WILLIAMS for redistribution.

26.     On February 10, 2020, DOWLING delivered approximately 20 grams of methamphetamine and 20 grams of heroin to GREENWALT for redistribution.

27.     On February 17, 2020, KING delivered approximately one-eighth ounce of methamphetamine and one-eighth ounce of heroin to ADAMS.

28.     On February 21, 2020, Tate possessed approximately five pounds of methamphetamine. Tate intended to deliver two pounds of the methamphetamine to Dowling for redistribution.

29.     On February 22, 2020, WALKER delivered approximately one pound of methamphetamine to KING for redistribution.

30.     On February 25, 2020, ROTH delivered approximately one pound of methamphetamine to DOWLING and SAWYERS inside Room 210 of the Motel 6 located at 4585 South Harding Street in Indianapolis. SACKS brokered the transaction between ROTH and DOWLING.

31.     On March 4, 2020, GRANGER and KING delivered approximately two pounds of methamphetamine to DOWLING at a residence located at 2710 West Ohio Street in Indianapolis.

32.     On March 5, 2020, DOWLING delivered approximately one ounce of methamphetamine to KARNES for redistribution.

33.     On March 6, 2020, KARNES ordered three ounces of methamphetamine from DOWLING.

34.     On March 13, 2020, ADAMS delivered approximately one and one-half pounds of methamphetamine to DOWLING for redistribution.

35.     On March 19, 2020, DOWLING possessed approximately three
ounces of methamphetamine, two digital scales, and a firearm at a residence
located at 1437 Kennington Drive in Indianapolis.

36.     On March 19, 2020, BOW possessed methamphetamine and three
digital scales at a residence located at 9219 Shenandoah Drive in Indianapolis.

37.     On March 19, 2020, BACON possessed approximately 50 grams of
heroin, a digital scale, a loaded firearm, and ammunition at the Casino Lounge,
located at 1711 East Minnesota Avenue in Indianapolis.

38.     On March 19, 2020, FISHER possessed approximately one-half
ounce of methamphetamine, heroin, and a digital scale at a residence located
at 239 Mission Trail, Mooresville, Indiana.

39.     On March 19, 2020, POORE possessed heroin and approximately
$6,526 in currency in the 300 block of South Webster Avenue in Indianapolis
on March 19, 2020.

40.     On March 19, 2020, SAWYERS possessed approximately four
ounces of methamphetamine, a digital scale, and two firearms inside Room 228
of the Red Roof Inn located at 5221 Victory Drive in Indianapolis.

41.     On March 19, 2020, THORNTON possessed approximately four
ounces of methamphetamine and two digital scales at a residence located at
129 South Belmont Street in Indianapolis.

42.     On March 19, 2020, KING possessed approximately $7,206 in
currency, a digital scale, and 15 firearms at a residence located at 3636 Foxtail
Drive in Indianapolis.

9

43.     On March 19, 2020, WALKER possessed a digital scale, vacuum sealer bag, and lactose at a residence located at 7245 East 35th Street in Indianapolis.

44.     On March 19, 2020, GRANGER possessed methamphetamine, approximately $25,220 in currency, and four firearms at a residence located at 10440 Bellchime Court in Indianapolis.

## COUNT TWO

### [Possession of Methamphetamine With Intent to Distribute – 21 U.S.C. § 841(a)(1)]

The Grand Jury further charges that:

On or about January 28, 2020, within the Southern District of Indiana, Indianapolis Division, JOSH STOOPS did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE

### [Possession of a Firearm by a Convicted Felon – 18 U.S.C. § 922(g)(1)]

The Grand Jury further charges that:

On or about January 28, 2020, within the Southern District of Indiana, Indianapolis Division, JOSH STOOPS, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did

knowingly possess a firearm; to-wit, STOOPS possessed one .25 caliber
Tanfoglio Model GT27 semiautomatic pistol bearing serial number MI36168,
following a conviction for Possession of a Narcotic Drug, a Class D Felony, in
Boone County, Indiana, on or about October 8, 2004, said firearm having been
shipped and transported in interstate commerce.

All in violation of Title 18 United States Code, Section 922(g)(1).

## COUNT FOUR

### [Possession of Methamphetamine With Intent to Distribute – 21 U.S.C. § 841(a)(1)]

The Grand Jury further charges that:

On or about January 28, 2020, within the Southern District of Indiana,
Indianapolis Division, JOSH STOOPS did knowingly and intentionally possess
with intent to distribute a mixture or substance containing a detectable
amount of methamphetamine, a Schedule II, Non-Narcotic controlled
substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE

### [Unlawful Use of Communication Facility – 21 U.S.C. § 843(b)]

The Grand Jury further charges that:

On or about February 17, 2020, within the Southern District of Indiana,
Indianapolis Division, CLIFFORD R. KING, JR., a/k/a Zoe, and PAULA ADAMS
did knowingly and intentionally use a communication facility in facilitating the
commission of an act constituting a felony under the Controlled Substances

11

Act; to-wit, ADAMS communicated with KING via cellular telephone and

ordered methamphetamine and heroin for distribution, in violation of Title 21,

United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT SIX

### [Possession of Methamphetamine With Intent to Distribute –

### 21 U.S.C. § 841(a)(1)]

The Grand Jury further charges that:

On or about March 19, 2020, within the Southern District of

Indiana, Indianapolis Division, RYAN SAWYERS, a/k/a Ogre, did knowingly

and intentionally possess with intent to distribute 50 grams or more of

methamphetamine (actual), a Schedule II, Non-Narcotic controlled substance,

in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVEN

### [Possessing a Firearm in Furtherance of Drug Trafficking Crime –

### 18 U.S.C. § 924(c)(1)(A)(i)]

The Grand Jury further charges that:

On or about March 19, 2020, within the Southern District of Indiana,

Indianapolis Division, RYAN SAWYERS, a/k/a Ogre, during and in relation to a

drug trafficking crime for which he may be prosecuted in a court of the United

States (namely the offense described in Count Six of the Superseding Indictment), possessed a .45 caliber Bersa Model THNDR 45 ULT CPT PRO pistol, bearing serial number F45551, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT EIGHT

### [Possession of Heroin With Intent to Distribute –

### 21 U.S.C. § 841(a)(1)]

The Grand Jury further charges that:

On or about March 19, 2020, within the Southern District of Indiana, Indianapolis Division, JAMES BACON, a/k/a Jay, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT NINE

### [Possessing a Firearm in Furtherance of Drug Trafficking Crime –

### 18 U.S.C. § 924(c)(1)(A)(i)]

The Grand Jury further charges that:

On or about March 19, 2020, within the Southern District of Indiana, Indianapolis Division, JAMES BACON, a/k/a Jay, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States (namely the offense described in Count Eight of the Superseding

Indictment), possessed a firearm; to-wit, a 9 millimeter Smith & Wesson Model
SD9VE pistol, bearing serial number FXA5813, in violation of Title 18, United
States Code, Section 924(c)(1)(A)(i).

## COUNT TEN

### [Possession of Firearm by Convicted Felon – 18 U.S.C. § 922(g)(1)]

The Grand Jury further charges that:

On or about March 19, 2020, within the Southern District of Indiana,
Indianapolis Division, JAMES BACON, a/k/a Jay, being a person who has
been knowingly convicted in a court of a crime punishable by imprisonment for
a term exceeding one year, did knowingly possess a firearm, which firearm had
been shipped or transported in interstate commerce; to-wit, BACON possessed
a 9 millimeter Smith & Wesson Model SD9VE pistol, bearing serial number
FXA5813, after having sustained convictions for the following offenses: (1)
Nonsupport of a Dependent Child, a Felony, on or about June 3, 1996, in
Johnson County, Indiana; (2) Burglary, a Felony, on or about August 6, 2001,
in Bartholomew County, Indiana; (3) Burglary, a Felony, on or about August
12, 2008, in Jackson County, Indiana; (4) Possession of Methamphetamine, a
Felony, on or about December 13, 2016, in Marion County, Indiana; (5)
Counterfeiting, a Felony, on or about December 9, 2015, in Marion County,
Indiana; (6) Unlawful Possession of a Syringe, a Felony, on or about July 25,
2017, in Marion County, Indiana.

All in violation of Title 18, United States Code, Section 922(g)(1).

14

## COUNT ELEVEN

### [Possessing a Machinegun in Furtherance of Drug Trafficking Crime –
### 18 U.S.C. § 924(c)(1)(B)(ii)]

The Grand Jury further charges that:

On or about March 19, 2020, within the Southern District of Indiana, Indianapolis Division, CLIFFORD R. KING, JR., a/k/a Zoe, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States (namely the offense described in Count One of the Superseding Indictment), possessed a machinegun; to-wit, a .40 caliber Glock Model 23Gen4 pistol, bearing serial number WEA363, equipped with a Glock Conversion Kit and extended magazine, in violation of Title 18, United States Code, Section 924(c)(1)(B)(ii).

## COUNT TWELVE

### [Possession of Machinegun – 18 U.S.C. § 922(o)]

The Grand Jury further charges that:

On or about March 19, 2020, within the Southern District of Indiana, Indianapolis Division, CLIFFORD R. KING, JR., a/k/a Zoe, did knowingly possess a machinegun; to-wit, KING possessed a .40 caliber Glock Model 23Gen4 pistol, bearing serial number WEA363, equipped with a Glock Conversion Kit and extended magazine, in violation of Title 18, United States Code, Section 922(o).

## COUNT THIRTEEN

**[Possessing a Firearm in Furtherance of Drug Trafficking Crime –**

**18 U.S.C. § 924(c)(1)(A)(i)]**

The Grand Jury further charges that:

On or about March 19, 2020, within the Southern District of Indiana, Indianapolis Division, CLIFFORD R. KING, JR., a/k/a Zoe, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States (namely the offense described in Count One of the Superseding Indictment), possessed a firearm; to-wit, a .380 caliber Glock Model 42 pistol, bearing serial number ABZU5783, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT FOURTEEN

**[Possession of Firearm by Convicted Felon – 18 U.S.C. § 922(g)(1)]**

The Grand Jury further charges that:

On or about March 19, 2020, within the Southern District of Indiana, Indianapolis Division, CLIFFORD R. KING, JR., a/k/a Zoe, being a person who has been knowingly convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, which firearm had been shipped or transported in interstate commerce; to-wit, KING possessed (1) one 57 caliber FN Herstal Model Five-Seven pistol, bearing serial number 386365588; (2) one .40 caliber Glock Model 27 pistol, bearing

16

serial number MZT043; (3) one .40 caliber Glock Model 23Gen4 pistol, bearing

serial number WEA363, equipped with a Glock Conversion Kit and extended

magazine; (4) one Smith & Wesson Model 64201 revolver, bearing serial

number DDR1371; (5) one .45 caliber Glock Model 30 Gen 4 pistol, bearing

serial number BKMF823; (6) one .380 caliber Glock Model 42 pistol, bearing

serial number ABZU578; (7) one 7.62 caliber Romarm/Cugir Model

Micro/Draco pistol, bearing serial number PMD-16502-19 RO; (8) one 12 gauge

Hawk Model 981R shotgun, bearing serial number 0110 989; and (9) one 12

gauge Mossberg Model 500A shotgun, bearing serial number L230555, after

having sustained a conviction for the following offense: Robbery, a Felony, on

or about January 29, 2014, in Marion County, Indiana.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FIFTEEN

### [Possession of Firearm by Fugitive from Justice – 18 U.S.C. § 922(g)(2)]

The Grand Jury further charges that:

On or about March 19, 2020, within the Southern District of Indiana,

Indianapolis Division, CLIFFORD R. KING, JR., a/k/a Zoe, being a person who

was knowingly a fugitive from justice, did knowingly possess a firearm, which

firearm had been shipped or transported in interstate commerce; to-wit, KING

possessed (1) one 57 caliber FN Herstal Model Five-Seven pistol, bearing serial

number 386365588; (2) one .40 caliber Glock Model 27 pistol, bearing serial

number MZT043; (3) one .40 caliber Glock Model 23Gen4 pistol, bearing serial

17

number WEA363, equipped with a Glock Conversion Kit and extended magazine; (4) one Smith & Wesson Model 64201 revolver, bearing serial number DDR1371; (5) one .45 caliber Glock Model 30 Gen 4 pistol, bearing serial number BKMF823; (6) one .380 caliber Glock Model 42 pistol, bearing serial number ABZU578; (7) one 7.62 caliber Romarm/Cugir Model Micro/Draco pistol, bearing serial number PMD-16502-19 RO; (8) one 12 gauge Hawk Model 981R shotgun, bearing serial number 0110 989; and (9) one 12 gauge Mossberg Model 500A shotgun, bearing serial number L230555, while KING was a fugitive from justice based upon an arrest warrant from a probation violation for the crime of Robbery, a Felony, for which KING had been convicted on or about January 29, 2014, in Marion County, Indiana.

All in violation of Title 18, United States Code, Section 922(g)(2).

## COUNT SIXTEEN

### [Possession of Firearm by Convicted Felon – 18 U.S.C. § 922(g)(1)]

The Grand Jury further charges that:

On or about March 19, 2020, within the Southern District of Indiana, Indianapolis Division, DERRICK GRANGER, being a person who has been knowingly convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, which firearm had been shipped or transported in interstate commerce; to-wit, GRANGER possessed (1) one .40 caliber FNH Model FNS-40 pistol, bearing serial number GKU0055015; (2) one .57 caliber FN Herstal Model Five-Seven firearm, bearing

serial number 386382202; (3) one .300 caliber Anderson Model AM-15 manufacturing rifle, bearing serial number 17048201; and (4) one .40 caliber Smith & Wesson Model M&P 40 pistol, bearing serial number NDP6016, after having sustained a conviction for the following offenses: (1) Resisting Law Enforcement, a Felony, on or about March 18, 2016, in Hancock County, Indiana; (2) Operating a Vehicle as a Habitual Traffic Violator, a Felony, on or about May 29, 2018, in Marion County, Indiana; and (3) Carjacking, a Felony, on or about January 14, 2005, in Marion County, Indiana.

All in violation of Title 18, United States Code, Section 922(g)(1).

## **SENTENCING ENHANCEMENTS**

1.    The grand jury further alleges that JAMES BACON, a/k/a Jay, the defendant herein, did commit the offenses alleged in Counts One and Eight of this Superseding Indictment after sustaining two prior convictions for serious violent felonies, as defined by Title 21, United States Code, Section 802(58); to-wit:  (1) on or about August 6, 2001, BACON was convicted in Marion County (Indiana) of Burglary, a Class B Felony and (2) on or about August 12, 2008, BACON was convicted in Marion County (Indiana) of Burglary, a Class C Felony.

2.    The grand jury further alleges that STEVE ANDERSON, a/k/a Crook, the defendant herein, did commit the offense alleged in Count One of this Superseding Indictment after sustaining one prior conviction for a serious violent felony, as defined by Title 21, United States Code, Section 802(58); to-

wit:  on or about October 27, 1997, ANDERSON was convicted in Madison County (Indiana) of Battery by Means of a Deadly Weapon, a Class C Felony.

3.     The grand jury further alleges that ERIC POORE, a/k/a Hollywood, did commit the offense alleged in Count One of this Superseding Indictment after sustaining one prior conviction for a serious violent felony, as defined by Title 21, United States Code, Section 802(58); to-wit:  on or about October 27, 1997, POORE was convicted in Marion County (Indiana) of Armed Robbery, a Class B Felony.

4.     The grand jury further alleges that TROY THORNTON, a/k/a Capone, the defendant herein, did commit the offenses alleged in Count One of this Superseding Indictment after sustaining two prior convictions for serious violent felonies, as defined by Title 21, United States Code, Section 802(58); to-wit:  on or about May 30, 2007, THORNTON was convicted in Marion County (Indiana) of two counts of Burglary, a Class B Felonies.

5.     The grand jury further alleges that ERIC POORE, a/k/a Hollywood, did commit the offense alleged in Count One of this Superseding Indictment after sustaining one prior conviction for a serious violent felony, as defined by Title 21, United States Code, Section 802(58); to-wit:  on or about October 27, 1997, POORE was convicted in Marion County (Indiana) of Armed Robbery, a Class B Felony.

6.     The grand jury further alleges that CLIFFORD R. KING, JR., a/k/a Zoe, did commit the offense alleged in Count One of this Superseding Indictment after sustaining one prior conviction for a serious violent felony, as

defined by Title 21, United States Code, Section 802(58); to-wit:  on or about

January 29, 2014, KING was convicted in Marion County (Indiana) of Armed

Robbery, a Class B Felony.

7.    The grand jury further alleges that DERRICK GRANGER did

commit the offense alleged in Count One of this Superseding Indictment after

sustaining one prior conviction for a serious violent felony, as defined by Title

21, United States Code, Section 802(58); to-wit:  on or about January 14, 2005,

GRANGER was convicted in Marion County (Indiana) of Carjacking, a Class B

Felony.

## FORFEITURE ALLEGATIONS

1.    The allegations in Counts One through Sixteen of this Superseding

Indictment are realleged as if fully set forth here, for the purpose of giving the

defendants notice of the United States' intent to seek forfeiture pursuant to

Title 21, United States Code, Section 853, Title 18, United States Code, Section

924, and Title 28, United States Code, Section 2461.

2.    If convicted of the offenses set forth in Counts One through Sixteen

of this Superseding Indictment, DANIELLE L. DOWLING, a/k/a Dee, LINDA L.

BOW, JOSH STOOPS, JAMES BACON, a/k/a Jay, MICHEAL FISHER, STEVE

ANDERSON, a/k/a Crook, JAMES SWARTZ, ERIC POORE, a/k/a Hollywood,

JANNA BROADDUS, JOSH T. UNGER, a/k/a J.T., RYAN SAWYERS, a/k/a

Ogre, TROY THORNTON, a/k/a Capone, DARIUS ANTHONY GARCIA, a/k/a

Roger, AMBER L. SEATS, JEREMY OSMON, TYLER GREENWALT, GUY

KARNES, CLIFFORD R. KING, JR., a/k/a Zoe, LISA ROTH, ERIC WALKER,

a/k/a Little E, DYLAN WILLIAMS, a/k/a D, JEFFREY SACKS, PAULA ADAMS; DERRICK GRANGER; and AYRES ADAMS, a/k/a AWOL, shall forfeit to the United States any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offenses of which he or she is convicted, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses of which he or she is convicted.

3.    If convicted of the offenses set forth in Counts One through Sixteen of this Superseding Indictment, DANIELLE L. DOWLING, a/k/a Dee, LINDA L. BOW, JOSH STOOPS, JAMES BACON, a/k/a Jay, MICHEAL FISHER, STEVE ANDERSON, a/k/a Crook, JAMES SWARTZ, ERIC POORE, a/k/a Hollywood, JANNA BROADDUS, JOSH T. UNGER, a/k/a J.T., RYAN SAWYERS, a/k/a Ogre, TROY THORNTON, a/k/a Capone, DARIUS ANTHONY GARCIA, a/k/a Roger, AMBER L. SEATS, JEREMY OSMON, TYLER GREENWALT, GUY KARNES, CLIFFORD R. KING, JR., a/k/a Zoe, LISA ROTH, ERIC WALKER, a/k/a Little E, DYLAN WILLIAMS, a/k/a D, JEFFREY SACKS, PAULA ADAMS; DERRICK GRANGER; and AYRES ADAMS, a/k/a AWOL, shall also forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm or ammunition

involved in or used in any of the offenses of which he or she is convicted.

A TRUE BILL:

JOSH J. MINKLER
United States Attorney

By: _____

Bradley A. Blackington
Assistant United States Attorney